# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**RONAL HERRERA,**

    **Plaintiff,**

v.                                                **Case No.  8:10-cv-1400-T-30EAJ**

**STEPP'S TOWING SERVICES TAMPA, INC.,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Entry of Court's Default Judgment on the Pleadings and Request for Hearing to Determine Damages (Dkt. 17) and Defendant's Response in opposition (Dkt. 19).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be stricken.

This is a case arising under the Fair Labor Standards Act ("FLSA").  The complaint was filed on June 29, 2010.  On August 5, 2010, Defendant filed a motion for a fifteen-day extension of time to file a response to the complaint, which the Court granted.  On August 30, 2010, Plaintiff filed the parties' case management report.  On May 18, 2011, Defendant filed a motion to continue the discovery deadline, which the Court granted.  The fact discovery deadline was extended to August 26, 2011, and the expert discovery deadline was extended to September 1, 2011.

On July 8, 2011, Plaintiff inexplicably filed the instant motion for default judgment based on Defendant's apparent failure to file a response to the complaint.  Notably, Plaintiff's

counsel did not confer with Defendant's counsel prior to the filing of the instant motion. This failure, alone, subjects Plaintiff's motion to being stricken, especially under the circumstances. As Defendant points out, if Plaintiff's counsel had conferred with Defendant's counsel, the issue would have been rectified.[1] Also, it is clear from Defendant's response and the docket that Defendant's failure to file the answer was a mistake (which, even Plaintiff did not discover until nearly eleven months after the answer was originally due).

Finally, the Court is baffled as to why Plaintiff chose to attach Defendant's interrogatory answers to his motion. This is not a discovery issue. And the Court will not entertain Plaintiff's general complaints about Defendant's behavior during the discovery process. Plaintiff can address these issues in a motion to compel <u>after</u> conferring with Defendant's counsel.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion for Entry of Court's Default Judgment on the Pleadings and Request for Hearing to Determine Damages (Dkt. 17) is hereby STRICKEN.

**DONE** and **ORDERED** in Tampa, Florida on July 15, 2011.

**Copies furnished to:**
Counsel/Parties of Record

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

S:\Even\2010\10-cv-1400.mtdefault17.frm

---

[1] Indeed, Defendant filed its answer on July 11, 2011.